IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **DENVER FENTON ALLEN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| VS. | : | NO. 5:24-CV-00226-MTT-AGH |
| | : | |
| **WORLD CLASS ACTION ALL SEVEN CONTINENTS,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Denver Fenton Allen, a prisoner incarcerated at the Georgia Diagnostic & Classifications Prison in Jackson, Georgia, has filed a complaint under 42 U.S.C. § 1983. ECF No. 1. Plaintiff has not paid a filing fee. Therefore, the Court reasons Plaintiff also seeks leave to proceed *in forma pauperis*. However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED** and this complaint is **DISMISSED** for the reasons set forth below.

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*:

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.* The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed numerous federal lawsuits and at least three of his complaints or appeals have been dismissed as frivolous or malicious or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Allen v. Milsap*, Case No. 4:12-cv-290-HLM-WEJ (N.D. Ga. Jan. 2, 2013), ECF No. 6 (dismissing case as "wholly incredible" and "frivolous"); Order Dismissing Compl., *Allen v. Owens*, Case No. 1:12-cv-143-JRH-WLB (S.D. Ga. Dec. 5, 2012), ECF No. 9 (adopting recommendation to dismiss for failure to state claim); Order Dismissing Compl., *Allen v. Brown*, Case No. 1:12-cv-52-JRH-WLB (S.D. Ga. Apr. 1, 2013), ECF No. 29 (dismissing

for abuse of judicial process and failing to state a claim).

Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Nowhere in Plaintiff's complaint does he provide any specific or nonfrivolous facts suggesting that he is in imminent danger of suffering any serious physical injury. *See Medberry*, 185 F.3d at 1193 (holding plaintiff failed to qualify under imminent danger exception because complaint could not be construed as "constituting an allegation that he was in imminent danger of serious physical injury at the time he filed his [c]omplaint or that he was in jeopardy of any ongoing danger"). Indeed, much of Plaintiff's complaint is illegible and indecipherable gibberish in which he fails to name any actionable Defendant. *See* ECF No. 1. A complaint that cannot be clearly read is subject to dismissal. *See, e.g., Jackson v. Santa Rosa Corr. Inst.*, No. 3:23CV11741-LC-HTC,

2023 WL 6305812, at *2 (N.D. Fla. Sept. 13, 2023), *report and recommendation adopted*, No. 3:23CV11741-LC-HTC, 2023 WL 6299097 (N.D. Fla. Sept. 27, 2023); *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007) (affirming dismissal of a complaint which was "exceptionally difficult to understand and in many instances either illegible or incomprehensible") (internal quotations and alteration omitted). As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and this complaint is **DISMISSED WITHOUT PREJUDICE**.[1]

**SO ORDERED,** this 12th day of July, 2024.

S/ Marc T. Treadwell

MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002), the Eleventh Circuit held that a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status and that the filing fee must be paid at the time the suit is initiated. Thus, the proper procedure when denying *in forma pauperis* status is to dismiss the complaint without prejudice, allowing the Plaintiff to refile upon payment of the full $405.00 filing fee. *See also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of *in forma pauperis* motion and dismissing complaint under § 1915(g)).